UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| ALASKA AIRLINES, INC., an Alaska Corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JUDY SCHURKE, in her official capacity as Director of the State of Washington Department of Labor and Industries, and ELIZABETH SMITH, in her official capacity as Employment Standards Program Manager, of the State of Washington Department of Labor and Industries<br><br>　　　　　　Defendants. | COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

Plaintiff Alaska Airlines, Inc. ("Alaska"), by and through its counsel, for its complaint against Defendants Judy Schurke, Director of the State of Washington Department of Labor and Industries, and Elizabeth Smith, Manager of the State of Washington Department of Labor and Industries' Employment Standards Program, upon knowledge and belief alleges:

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 1

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331 and § 1367 as Plaintiff's claim arises under the U.S. Constitution art. VI, cl. 2 (the "Supremacy Clause") and the laws of the United States, namely the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this Court is sited in the judicial district where a substantial part of the events giving rise to Plaintiff's claims have occurred, are now occurring, and will occur in the future. Plaintiff and its primary place of business is situated in this district and is and will continue to be affected by the irreparable harms sought to be remedied and prevented by this Court's action upon this Complaint.

## II. NATURE OF ACTION

3. This action seeks declaratory relief pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, that the Washington Family Care Act ("WFCA"), RCW 49.12.265–.295, is preempted by the RLA. It also seeks preliminary and permanent injunctive relief enjoining the enforcement of the WFCA and other related actions undertaken by Defendants pursuant to its provisions. (A copy of the WFCA is attached hereto as Exhibit A.)

## III. PARTIES

4. Plaintiff Alaska, an Alaska corporation, is, and at all times relevant hereto has been, a "carrier" within the meaning of the RLA. 45 U.S.C. § 151. Alaska's corporate headquarters are in Seatac, Washington.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 2

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

5. Alaska is a federally regulated common carrier, conducting an estimated 440 departing flights per day and flying to over sixty cities in the continental United States, Hawaii, Alaska, Canada, and Mexico. Alaska employs approximately 9,550 employees and has six separate collective bargaining agreements negotiated with five different unions under the RLA. Over 2,700 of Alaska's employees are flight attendants whose employment is governed by the collective bargaining agreement entered into between Alaska and the Association of Flight Attendants ("AFA"). (A copy of the agreement between Alaska and AFA is attached hereto as Exhibit B and hereinafter referred to as the "Alaska CBA".) The Alaska CBA contains language controlling the frequency and extent of sick pay and vacation use. It also confirms that the company will comply with the terms of the laws of the state in which the employee is based, including laws in Washington, Oregon, and California. And finally, the Alaska CBA prescribes Alaska's mandatory grievance procedures, with which Alaska flight attendants must comply to grieve their discipline or discharge.

6. Defendant Judy Schurke is the Director of the State of Washington Department of Labor and Industries (the "Department"). RCW 43.22.270(4) mandates that as Director, Ms. Schurke has "the power to . . . supervise the administration and enforcement of all laws respecting the employment and relating to the health, sanitary conditions, surroundings, hours of labor, and wages of employees employed in business and industry in accordance with the provisions of chapter 49.12 RCW." As Director, Ms. Schurke may also "exercise such powers and perform such other duties as may be provided by law." *Id.* Pursuant to RCW 49.12.280, Ms. Schurke, in her official capacity as Director of the Department of Labor and Industries, "shall administer and investigate violations of RCW 49.12.270 and 49.12.275." And, pursuant to RCW 49.12.285, Ms. Schurke, in her official

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 3

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

capacity as Director, "may issue a notice of infraction" and assess a "monetary penalty" on employers who are found to have committed an infraction under RCW 49.12.270 and 49.12.275. Thus, as the Department's Director, Ms. Schurke has power to enforce the WFCA.

7. Defendant Elizabeth Smith is the Manager of the Department's Employment Standards Program. RCW 43.22.270(4) mandates that the Director of Labor and Industries, Ms. Schurke shall, "with the assistance of the supervisor of employment standards," Ms. Smith, "supervise the administration and enforcement of all laws respecting the employment and relating to the health, sanitary conditions, surroundings, hours of labor, and wages of employees employed in business and industry in accordance with the provisions of chapter 49.12 RCW." Pursuant to Washington Administrative Code 296-06-040, the operations of the Employment Standards Program is to "[d]evelop[] and enforce[] rules regulating wages (including prevailing wages for public works projects) and hours, and working conditions . . . ." Thus, as Manager of the Department's Employment Standards Program, Ms. Smith has power to enforce the WFCA.

### IV. GENERAL FACTUAL ALLEGATIONS

8. Alaska voluntarily complies with the Family Care Act of Washington and similar acts in Oregon and California. In its history of providing family care leave and pay, however, Alaska has found that a percentage of employees, especially its flight attendants, abuse the benefits by claiming them for the employees' convenience rather than the purpose for which they were intended.

9. In 2010, in the flight attendant group alone, Alaska flight attendants were absent 6,263 days for sick family leave. When a flight attendant calls in sick, the situation

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 4

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

is much different than a regular work assignment. Flight attendants are scheduled to work on pairings, which are multi-day assignments including multiple flights. If the flight attendant misses the beginning of the trip, he or she receives sick leave for the entire trip, even though the family member may not require care on the days subsequent to the beginning of the trip. Ultimately, these 6,263 absences converted to an estimated $940,000 that Alaska paid to flight attendants as sick leave compensation to cover sick family use in 2010.

10. The Alaska CBA expressly acknowledges that fraudulent use of sick leave is grounds for discipline. Alaska CBA § 32(H). Therefore, Alaska actively investigates flight attendants who appear to be claiming benefits when they did not have a bona fide reason for sick leave pay. Yet, also pursuant to the Alaska CBA, employees are entitled to grieve their discipline through Alaska's mandatory grievance procedures. *See* Alaska CBA §§ 19 & 20. This formal grievance procedure ensures that employees are given a fair process to have their complaints heard and resolved.

11. Since March 2010, Alaska has received 11 complaints from the Department alleging violations of the WFCA. Alaska has fully complied with the Department's requests for responses and documentation. Alaska even met with the Department's Mr. David Johnson on June 25, 2010, to discuss the complaints and to and to resolve whatever concerns might be contributing to the spate of complaints. Even though Alaska was confident that its processes complied with WFCA, it reviewed and adjusted certain processes used in the Flight Attendant work group for requesting family sick leave to try to resolve any lingering doubts on the Department's part and communicated those changes to Mr. Johnson.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 5

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12. Yet, while Alaska has gone out of its way to work with the Department, the Department has continued to independently investigate and address Alaska employees' WFCA complaints. The result of the Department's independent enforcement is problematic to Alaska for a number of reasons. First, some employees have begun to completely forgo the mandatory grievance process established by the Alaska CBA and favored by Congress as expressed throughout the RLA. *See, e.g.*, 45 U.S.C. §§ 151a & 152. Second, other employees have utilized both processes – filing complaints with the Department as well as grievances through Alaska's mandatory arbitration process. With these latter employees, Alaska faces the costs of litigation in multiple forums, a loss of efficiency, and the risk of conflicting outcomes because the decision-makers of these bodies – Alaska's grievance tribunal and the Department – differ.

13. The Department cannot resolve claims brought against Alaska under the WFCA without interpreting the Alaska CBA, a task which under the RLA is delegated exclusively to the System Board of Adjustment. And, by instigating independent enforcement actions separate and apart from the RLA's mandated arbitration procedure, the Department is interfering with the RLA policy of "prompt and orderly settlement[s]" in violation of the Supremacy Clause.

## V.   STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### (Supremacy Clause)

14. Plaintiff realleges and incorporates herein its allegations in paragraphs 1 through 13 above.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 6

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

15. The Department's enforcement actions with respect to WFCA claims against Alaska violate the Supremacy Clause. U.S. Const. art. VI, cl. 2.

16. The Department's violation of the Supremacy Clause has harmed Alaska in terms of undermining its collectively-bargained grievance and arbitration process and causing undue cost and burden for Alaska.

## SECOND CAUSE OF ACTION
### (RLA Preemption)

17. Plaintiff realleges and incorporates herein its allegations in paragraphs 1 through 16 above.

18. The Department's enforcement actions with respect to WFCA claims against Alaska fail to comply with the Railway Labor Act's preemption clause. 45 U.S.C. § 151a.

19. The Department's failure to comply with the RLA preemption doctrine has harmed Alaska in terms of undermining its collectively-bargained grievance and arbitration process and causing undue cost and burden for Alaska.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 7

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## PLAINTIFF'S PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. Declaring that the WFCA, RCW 49.12.265–.295, as applied to Alaska, is preempted by the Supremacy Clause;

2. Declaring that the WFCA, RCW 49.12.265–.295, as applied to Alaska, is preempted by the RLA;

3. Temporarily, preliminarily, and permanently enjoining Defendants from taking any action to enforce the WFCA, RCW 49.12.265–.295, against Alaska; and

4. Granting such further relief to Plaintiff that the court finds just and equitable.

DATED this 11th day of April, 2011.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Alaska Airlines, Inc.

By /s/ Mark A. Hutcheson
Mark A. Hutcheson, WSBA #1552
Lawton Humphrey, WSBA #21013
Melissa K. Mordy, WSBA #41879
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: markhutcheson@dwt.com
lawtonhumphrey@dwt.com
melissamordy@dwt.com

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 8

DWT 15834493v4 0017572-000085

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TAB A**

Westlaw.

West's RCWA 49.12.265

Page 1

West's Revised Code of Washington Annotated Currentness
  Title 49. Labor Regulations (Refs & Annos)
    Chapter 49.12. Industrial Welfare (Refs & Annos)
      → 49.12.265. Sick leave, time off--Care of family members--Definitions

The definitions in this section apply throughout RCW 49.12.270 through 49.12.295 unless the context clearly requires otherwise.

(1) "Child" means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis who is: (a) Under eighteen years of age; or (b) eighteen years of age or older and incapable of self-care because of a mental or physical disability.

(2) "Grandparent" means a parent of a parent of an employee.

(3) "Parent" means a biological or adoptive parent of an employee or an individual who stood in loco parentis to an employee when the employee was a child.

(4) "Parent-in-law" means a parent of the spouse of an employee.

(5) "Sick leave or other paid time off" means time allowed under the terms of an appropriate state law, collective bargaining agreement, or employer policy, as applicable, to an employee for illness, vacation, and personal holiday. If paid time is not allowed to an employee for illness, "sick leave or other paid time off" also means time allowed under the terms of an appropriate state law, collective bargaining agreement, or employer policy, as applicable, to an employee for disability under a plan, fund, program, or practice that is: (a) Not covered by the employee retirement income security act of 1974, 29 U.S.C. Sec. 1001 et seq.; and (b) not established or maintained through the purchase of insurance.

(6) "Spouse" means a husband or wife, as the case may be.

CREDIT(S)

[2005 c 499 § 1, eff. July 24, 2005; 2002 c 243 § 2.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

C
West's Revised Code of Washington Annotated Currentness
  Title 49. Labor Regulations (Refs & Annos)
    Chapter 49.12. Industrial Welfare (Refs & Annos)
      → **49.12.270. Sick leave, time off--Care of family members**

(1) If, under the terms of a collective bargaining agreement or employer policy applicable to an employee, the employee is entitled to sick leave or other paid time off, then an employer shall allow an employee to use any or all of the employee's choice of sick leave or other paid time off to care for: (a) A child of the employee with a health condition that requires treatment or supervision; or (b) a spouse, parent, parent-in-law, or grandparent of the employee who has a serious health condition or an emergency condition. An employee may not take advance leave until it has been earned. The employee taking leave under the circumstances described in this section must comply with the terms of the collective bargaining agreement or employer policy applicable to the leave, except for any terms relating to the choice of leave.

(2) Use of leave other than sick leave or other paid time off to care for a child, spouse, parent, parent-in-law, or grandparent under the circumstances described in this section shall be governed by the terms of the appropriate collective bargaining agreement or employer policy, as applicable.

CREDIT(S)

[2002 c 243 § 1; 1988 c 236 § 3.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

West's RCWA 49.12.275                                                                                           Page 1

West's Revised Code of Washington Annotated Currentness
　Title 49. Labor Regulations (Refs & Annos)
　　Chapter 49.12. Industrial Welfare (Refs & Annos)
　　　→ **49.12.275. Sick leave, time off--Care of family members--Poster required**

The department shall develop and furnish to each employer a poster which describes an employer's obligations and an employee's rights under RCW 49.12.270 through 49.12.295. The poster must include notice about any state law, rule, or regulation governing maternity disability leave and indicate that federal or local ordinances, laws, rules, or regulations may also apply. The poster must also include a telephone number and an address of the department to enable employees to obtain more information regarding RCW 49.12.270 through 49.12.295. Each employer must display this poster in a conspicuous place. Every employer shall also post its leave policies, if any, in a conspicuous place. Nothing in this section shall be construed to create a right to continued employment.

CREDIT(S)

[1988 c 236 § 2.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

West's RCWA 49.12.280                                                                                   Page 1

West's Revised Code of Washington Annotated Currentness
  Title 49. Labor Regulations (Refs & Annos)
    Chapter 49.12. Industrial Welfare (Refs & Annos)
      → **49.12.280. Sick leave, time off--Care of family members--Administration and enforcement**

The department shall administer and investigate violations of RCW 49.12.270 and 49.12.275.

CREDIT(S)

[1988 c 236 § 4.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

**Westlaw.**

West's RCWA 49.12.285            Page 1

▷
West's Revised Code of Washington Annotated <u>Currentness</u>
  Title 49. Labor Regulations <u>(Refs & Annos)</u>
    ■ <u>Chapter 49.12</u>. Industrial Welfare <u>(Refs & Annos)</u>
      → **49.12.285. Sick leave, time off--Care of family members--Monetary penalties**

The department may issue a notice of infraction if the department reasonably believes that an employer has failed to comply with <u>RCW 49.12.270</u> or <u>49.12.275</u>. The form of the notice of infraction shall be adopted by rule pursuant to chapter 34.05 RCW. An employer who is found to have committed an infraction under <u>RCW 49.12.270</u> or <u>49.12.275</u> may be assessed a monetary penalty not to exceed two hundred dollars for each violation. An employer who repeatedly violates <u>RCW 49.12.270</u> or <u>49.12.275</u> may be assessed a monetary penalty not to exceed one thousand dollars for each violation. For purposes of this section, the failure to comply with <u>RCW 49.12.275</u> as to an employee or the failure to comply with <u>RCW 49.12.270</u> as to a period of leave sought by an employee shall each constitute separate violations. An employer has twenty days to appeal the notice of infraction. Any appeal of a violation determined to be an infraction shall be heard and determined by an administrative law judge. Monetary penalties collected under this section shall be deposited into the general fund.

CREDIT(S)

[<u>1988 c 236 § 5</u>.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

West's RCWA 49.12.287                                                                                                              Page 1

West's Revised Code of Washington Annotated Currentness
  Title 49. Labor Regulations (Refs & Annos)
    Chapter 49.12. Industrial Welfare (Refs & Annos)
      → 49.12.287. Sick leave, time off--Care of family members--Discharge of employee not permitted

An employer shall not discharge, threaten to discharge, demote, suspend, discipline, or otherwise discriminate against an employee because the employee: (1) Has exercised, or attempted to exercise, any right provided under RCW 49.12.270 through 49.12.295; or (2) has filed a complaint, testified, or assisted in any proceeding under RCW 49.12.270 through 49.12.295.

CREDIT(S)

[2002 c 243 § 3.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

C
West's Revised Code of Washington Annotated Currentness
  Title 49. Labor Regulations (Refs & Annos)
    Chapter 49.12. Industrial Welfare (Refs & Annos)
      → **49.12.290. Sick leave, time off--Care of family members--Collective bargaining agreement not reduced**

Nothing in RCW 49.12.270 through 49.12.295 shall be construed to reduce any provision in a collective bargaining agreement.

CREDIT(S)

[1988 c 236 § 6.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

West's RCWA 49.12.295

Page 1

C
West's Revised Code of Washington Annotated Currentness
 Title 49. Labor Regulations (Refs & Annos)
  Chapter 49.12. Industrial Welfare (Refs & Annos)
   → 49.12.295. Sick leave, time off--Care of family members--Notification of employers

The department shall notify all employers of the provisions of RCW 49.12.270 through 49.12.290.

CREDIT(S)

[1988 c 236 § 7.]

Current with 2011 Legislation effective through February 23, 2011

(C) 2011 Thomson Reuters.

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.