UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALASKA AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JUDY SCHURKE, et al., <br><br> Defendants, <br><br> and <br><br> ASSOCIATION OF FLIGHT ATTENDANTS – COMMUNICATION WORKERS OF AMERICA, AFL-CIO, <br><br> Intervenor. | CASE NO. C11-0616JLR <br><br> ORDER DENYING INTERVENOR ASSOCIATION OF FLIGHT ATTENDANTS' MOTION TO DISMISS OR STAY |

## I. INTRODUCTION

Before the court is Intervenor Association of Flight Attendants – Communication Workers of America, AFL-CIO's ("AFA") motion to dismiss or stay. (AFA Mot. (Dkt #

ORDER- 1

74).) This is a preemption case arising out of a dispute between Plaintiff Alaska Airlines Inc. ("Alaska") and the Washington State Department of Labor and Industries ("the Department"). (1st Am. Compl. (Dkt. # 49) ¶ 3.) The Department investigated complaints filed by Alaska flight attendants, who alleged that Alaska violated a state family medical leave statute. (*Id.* ¶ 28.) Alaska filed this complaint seeking declaratory and injunctive relief, arguing that federal collective bargaining law preempts state enforcement of this leave statute. (*Id.* ¶ 3.) According to Alaska, flight attendant complaints about compliance with state leave statutes should be resolved by procedures established in the collective bargaining agreement between Alaska and AFA, not by the Department. (*Id.* ¶¶ 13, 14.)

AFA asks the court to dismiss or stay this action pursuant to the abstention principles from *Younger v. Harris*, 401 U.S. 37 (1971), *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976). (AFA Mot. at 2.) Federal courts generally abstain and refuse to hear cases out of respect for ongoing state proceedings. *See Younger*, 401 U.S. at 44-45. Abstention reflects a commitment to comity, federalism, and judicial economy. *Id.* In this case, AFA asks the court to dismiss under the *Younger* abstention doctrine, arguing that Alaska improperly seeks to enjoin ongoing state proceedings. (AFA Mot. at 6.) Alternatively, AFA asks the court to dismiss or stay the case under the *Brillhart-Wilton* doctrine or the *Colorado River* abstention doctrine. AFA asks the court to decline jurisdiction because the issues in parallel state proceedings are substantially the same as the issues in this federal preemption proceeding. (*Id.* at 15.) The court has considered

ORDER- 2

the parties' submissions filed in support of and opposition to the motion, and the applicable law. For the reasons stated below, the court DENIES the motion to dismiss or stay.

## II. BACKGROUND

Under the Washington Family Care Act ("WFCA"), employees who are entitled to sick leave or other paid time off of work may use their leave to care for eligible family members. *See* RCW 49.12.265-70. The WFCA defines "sick leave or other paid time off" as "time allowed under the terms of an appropriate state law, collective bargaining agreement, or employer policy, as applicable, to an employee for illness, vacation, and personal holiday." RCW 49.12.265(5). The Department is charged with enforcing the WFCA: it investigates complaints and may issue notices of infraction if it reasonably believes the employer has failed to comply with these statutory requirements. RCW 49.12.280; RCW 49.12.285.

During 2010, the Department began investigating complaints filed by several flight attendants who alleged Alaska violated the WFCA. (1st Am. Compl. ¶ 28.) On April 11, 2011, Alaska filed its first complaint alleging that the Department cannot enforce the WFCA against Alaska because a federal statute—the Railway Labor Act ("RLA")—preempts such enforcement. (Compl. (Dkt. #1) ¶ 3.) The court dismissed this complaint on February 14, 2012, on ripeness grounds, holding it could not conduct a case-by-case preemption analysis because no actual employee's complaint was before the court. (*See generally*, 2/14/12 Order (Dkt. # 47).) Alaska filed an amended complaint on March 14, 2012, this time challenging Department enforcement of the WFCA with

respect to a specific employee: Laura Masserant. (1st Am. Compl. ¶¶ 15-25) Ms. Masserant is a flight attendant with Alaska and was President of the AFA Local Executive Council at this time. (*Id.* ¶ 16.) The court granted the AFA leave to intervene in this action on February 25, 2013. (2/25/13 Order (Dkt. # 70) at 1.)

Ms. Masserant filed a complaint with the Department on June 16, 2011, alleging that Alaska violated the WFCA by denying her sick leave with pay to care for her sick child. (1st Am. Compl. ¶ 15.) The Department began investigating Ms. Masserant's claims in June 2011, but did not issue a notice of infraction against Alaska until May 31, 2012, over a month after Alaska filed its amended complaint with this court. (AFA Mot. at 3.) On June 20, 2012, Alaska appealed the notice of infraction, making essentially the same preemption argument before an ALJ at the Washington Office of Administrative Hearings. (*Id.*)

Alaska and the Department, concerned about the inefficiency of litigating this federal case and the state administrative case at the same time, filed a joint motion to dismiss the hearing before the ALJ. (Alaska Resp. (Dkt # 90) at 12; Dept. Resp. (Dkt. # 88) at 3.) On January 29, 2013, the ALJ agreed to dismiss the state administrative hearing because of the ongoing federal case before this court. (Alaska Resp. at 12.) Although the ALJ dismissed the state administrative hearing, the Department's notice of infraction against Alaska remains in place. (Dept. Resp. at 7.) Both the AFA (AFA Mot. at 8) and Alaska (Alaska Resp. at 12) agree that the ALJ's dismissal functions as a stay of

the state proceedings.[1] AFA filed this motion to dismiss or stay this federal case on March 14, 2013, arguing that the court should abstain from the instant case because of ongoing state proceedings. (*See generally* AFA Mot.)

### III. ANALYSIS

According to AFA, the court should stay or dismiss this case in deference to ongoing state administrative proceedings before the ALJ. As a general rule, "[a]bsent significant countervailing interests, the federal courts are obligated to exercise their jurisdiction." *Walnut Props., Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir. 1988) (quoting *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)). State proceedings do not necessarily change this rule because generally "the pendency of an action in state court is no bar to proceedings concerning the same matter" in a federal court. *Colo. River*, 424 U.S. at 800. AFA asks the court to deviate from these principles and abstain from this case. (AFA Mot. at 1.) For the following reasons, the court finds abstention inappropriate, whether under *Younger*, *Brillhart*, or *Colorado River*.

---

[1] Alaska and the Department entered into a stipulation to withdraw the Department's request for a hearing. (Decl. of Counsel in Support of Mot. (Dkt # 75) Ex. J.) In response, the ALJ issued an Order of Dismissal Without Prejudice, striking all further hearing dates but allowing either party to re-file an administrative appeal. (*Id.*) AFA calls this Order a "stay" of the administrative proceedings because the Department's notice of infraction remains in place. (AFA Mot. at 8.) Alaska calls the Order a stay without comment. (Alaska Resp. at 12.) The Department disagrees, calling the Order a dismissal. (Dept. Resp. at 6.) The court takes no position on this issue, but refers to the ALJ's order as a "stay" for consistency.

A.     The *Younger* Abstention Doctrine

First, AFA asks the court to abstain from this case pursuant to the doctrine articulated in *Younger v. Harris*. (AFA Mot. at 1.) Under *Younger*, federal courts may not enjoin ongoing state proceedings under most circumstances. *Younger*, 401 U.S. at 45. Although originally developed with respect to state criminal proceedings, *Younger* abstention also applies to pending civil and administrative proceedings implicating important state interests. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 433-34 (1982). Federal courts generally must abstain under *Younger* if state proceedings (1) are ongoing, (2) implicate important state interest, and (3) provide an adequate opportunity to raise federal questions. *Columbia Basin Apartment Ass'n. v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). The Ninth Circuit Court of Appeals also requires that (4) the federal action would effectively enjoin the state proceeding. *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011). If a federal court abstains under *Younger*, it must dismiss rather than stay the case. *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir. 1986).

The *Younger* abstention doctrine, however, rests on notions of comity, federalism, and respect for pending state proceedings. *Id.* (quoting *Middlesex*, 457 U.S. at 431 (1982)). It is jurisprudential rather than jurisdictional, arising from "strong policies counseling against the exercise" of federal jurisdiction rather than a "lack of jurisdiction in the District Court." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986). Consequently, a state may forego a tenable abstention claim and

submit to adjudication in a federal forum. *Id.* This sort of situation does not raise federalism and comity concerns, and thus federal courts need not abstain:

> It may not be argued, however, that a federal court is compelled to abstain in every such situation. If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system.

*Ohio Bureau of Emp't Servs. v. Hodory*, 431 U.S. 471, 480 (1977). In other words, a court need not reach the merits of a *Younger* claim when a state voluntarily submits to the suit. *Id.* at 480 n.10. (holding that where a state "voluntarily chooses to submit to a federal forum" the Court need not address *Younger* abstention); *Kleenwell Biohazard Waste & Gen. Ecology Consultants v. Nelson*, 48 F.3d 391, 394 (9th Cir. 1995) (declining to reach the merits of a *Younger* claim when a state has voluntarily submitted to the federal case).

Indeed, a state waives its *Younger* challenge, consenting to a federal forum, when it "expressly urge[s]" the federal court to proceed. *Dayton*, 477 U.S. at 626. The Ninth Circuit has stated in dicta that a state does not waive *Younger* by merely failing to raise the issue. *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992) (per curiam); *but see Kleenwell*, 48 F.3d at 394 (declining to address defendant state agency's *Younger* argument because "the Commission did not raise this issue before the district court" and thus voluntarily submitted to federal jurisdiction). As explained below, in this case the Department went beyond failing to argue *Younger*.

First, the Department agreed to stop proceedings in state court. The Department expressly urged federal resolution of this case by asking the ALJ to stay the state

ORDER- 7

administrative proceedings to avoid duplicative litigation.  (Dept. Resp. at 3.)  The Ninth Circuit concluded in *Walnut Properties* that *Younger* federalism concerns "are not present when a state court has stayed its own proceedings pending resolution of the case in a federal forum."  861 F.2d at 1107.[2]  Had the Department argued for *Younger* abstention, the fact that it previously agreed to stay the state administrative hearing might be less convincing.  *See Columbia Basin*, 268 F.3d at 800 (holding that the City did not waive its subsequent *Younger* abstention claim by stipulating to stay the state case).  However, the fact that the Department did not raise *Younger* and also agreed to stay the state case suggests this case does not raise the comity concerns underlying *Younger*.  *See Walnut Props.*, 861 F.2d at 1107.

Second, the Department declined the opportunity to argue in favor of *Younger* abstention.  The Department expressly urged the court to hear this case because it does not raise *Younger* before the court, and argues against *Younger* abstention in its response

---

[2] In their briefing, Alaska and AFA discuss *Walnut Properties* and another case, *San Remo Hotel v. City of San Francisco*, 145 F.3d 1095 (9th Cir. 1998), when evaluating whether there is an ongoing state proceeding—the first part of the *Younger* test.  (Alaska Resp. at 13; AFA Reply (Dkt. # 91) at 7.)  As the parties point out, the cases reach different conclusions about whether stayed state proceedings are "ongoing" for *Younger* purposes.  *Compare Walnut Props.*, 861 F.2d at 1106-07 (concluding state court proceedings were not "ongoing" when the parties agreed to stay the case pending resolution of the federal proceedings) *with San Remo Hotel*, 145 F.3d at 1104 ("Because the whole point of *Younger* abstention is to stop federal interference with state proceedings, it seems backwards to reject abstention because the state proceedings have been stayed to allow the federal case to proceed."); *see also Columbia Basin*, 268 F.3d at 800 (recognizing the tension between *Walnut Properties* and *San Remo Hotel*).  As explained in this section, because the state has expressly urged the court to proceed with Alaska's preemption action, the court need not decide whether the stayed state proceedings were "ongoing" in this case.  *Ohio Bureau of Emp't Servs.*, 431 U.S. at 480 n.10.  The court thus declines to address the differences between *Walnut Properties* and *San Remo Hotel* with respect to the merits of a *Younger* claim.

ORDER- 8

to AFA's motion to dismiss. (Dept. Resp. at 4 (arguing that *Younger* abstention is inappropriate because there is no ongoing state proceeding).) A state actively opposing abstention "allays any concerns of offending comity." *Potrero Hills*, 657 F.3d at 888 (declining to abstain when private intervenors raised a *Younger* claim but the state opposed abstention and sought federal adjudication of the case); *see also Sonsa v. Iowa*, 419 U.S. 393, 396 n.3 (declining to consider *Younger* abstention when, in response to the Court's request to brief the issue, both parties argued against abstention). *Younger* abstention is inappropriate when the state itself encourages federal resolution of a case, even though other parties might argue for abstention. *Potrero Hills*, 657 F.3d at 888; *see also Ohio Bureau of Emp't Servs.*, 431 U.S. at 477-78 (declining to reach the merits of a *Younger* claim raised by amicus briefs when the state did not raise *Younger* on appeal); *Brown v. Hotel & Rest. Emps.*, 468 U.S. 491, 500 n.9 (1984) (refusing to address a state agency's *Younger* abstention claim when the state Attorney General "submit[ted] to the jurisdiction of this Court in order to obtain a more expeditious and final resolution of the merits of the constitutional issue").

*Younger* abstention exists to prevent undue "interfere[nce] with the legitimate activities of the States"; it is not a doctrine private parties can invoke to "force [a] case back into the State's own system." *See Ohio Bureau of Emp't Servs.*, 431 U.S. at 479. Because the Department has expressly urged the court to proceed, the court declines to abstain under the *Younger* doctrine and will not address the merits of AFA's *Younger* claim.

ORDER- 9

**B.     The *Brillhart-Wilton* Doctrine**

District courts have broad discretion to stay or dismiss actions seeking declaratory judgment, as recognized in *Brillhart* and *Wilton v. Seven Falls Company*. *Brillhart*, 316 U.S. at 495; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *see also* 28 U.S.C. § 2201 (federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added)). The *Brillhart-Wilton* doctrine rests on concerns about judicial economy and cooperative federalism. *Brillhart*, 316 U.S. at 495. In light of this purpose, district courts consider three primary factors when evaluating whether to entertain a declaratory judgment action: "[1] avoiding 'needless determination of state law issues'; [2] discouraging 'forum shopping'; and [3] avoiding 'duplicative litigation.'" *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998)).

1. Needlessly Determining State Law Issues

First, courts decline jurisdiction under the Declaratory Judgment Act in order to avoid needlessly determining state law issues. *Id.* District courts appropriately avoid determining state law when: state and federal cases raise the same "precise state law issues," state law provides the rule of decision, and the federal case involves an area of law expressly left to the states. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991). This factor counsels against exercising jurisdiction when "no compelling federal interests are at stake." *Transamerica Occidental Life Ins. Co.v. Digregorio*, 811 F.2d 1249, 1255 (9th Cir. 1987); *see also Robsac*, 947 F.2d at 1371.

ORDER- 10

AFA argues that the court should stay or dismiss under *Brillhart* because (1) Alaska raised the same RLA preemption argument in the state proceedings before the ALJ and (2) both the state and federal proceedings require determining state law issues. (AFA Mot. at 17.) According to AFA, "[t]he state court should be given the opportunity to construe the WFCA in a manner which does not violate" federal law "and the federal court should not, in this action, needlessly determine those state law issues." (*Id.* (citing *R.R. St. & Co.*, 656 F.3d at 975).) AFA cites *Railroad Street* and another case, *International Association of Entrepreneurs of America v. Angoff*, 59 F.3d 1266 (8th Cir. 1995), when making this argument. (AFA Mot. at 17.) The court disagrees, and finds these cases unpersuasive.

In *International Association of Entrepreneurs*, the Eighth Circuit Court of Appeals upheld the district court's decision to decline jurisdiction over plaintiff's preemption action. *Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1270. However, the district court applied *Brillhart* because the plaintiff improperly engaged in forum shopping, not because the case required determining state law. *Id.* at 1270. The Eighth Circuit affirmed the district court's decision to decline jurisdiction on the basis of forum shopping. *Id.* at 1270. The court never mentioned determining state law issues, and did not rely on this factor in its *Brillhart* analysis. *Id.* *International Association of Entrepreneurs* in no way advances AFA's argument that this court should stay or dismiss to avoid needlessly determining state law issues because neither the district court nor the Eighth Circuit discussed determining state law as a basis for declining jurisdiction.

AFA's reliance on *Railroad Street* is similarly misplaced because, unlike the present case, *Railroad Street* only involved state law issues. *See R.R. St. & Co.*, 656 F.3d at 971-73. *Railroad Street*, like *Brillhart* and *Wilton*, was an insurance case brought in federal court pursuant to diversity jurisdiction. *Id.* at 973; *Brillhart*, 316 U.S. at 493; *Wilton*, 515 U.S. at 280. State law supplied the rule of decision, the parties exclusively raised state law issues, *R.R. St. & Co.*, 656 F.3d at 971-73, and regulating insurance is an area of law Congress has expressly left to the states, *see Robsac*, 947 F.2d 1367 (citing 15 U.S.C. §§ 1011-12 (1988)) (noting that "this case involves insurance law, an area that Congress has expressly left to the states through the McCarran-Ferguson Act."). By contrast, the present action is not a diversity case in which the court applies state substantive law, and Congress has not expressly left RLA preemption to the states. Alaska's action raises "compelling federal interests" because it requires the court to determine the scope of a federal statute, which will provide the rule of decision in this case. Thus, contrary to AFA's contention, the court does not needlessly decide state law issues by proceeding with this federal preemption action.[3] *See Digregorio*, 811 F.2d at

---

[3] In its response to AFA's motion to dismiss, the Department argues that the court should grant its motion for summary judgment. (Dept. Resp. at 8.) Alternatively, if the court denies the Department's motion for summary judgment because the court must interpret state law, the Department argues that the court should stay the case under *Brillhart*:

> Although the Department believes that [the WFCA] is clear on its face and this Court should grant summary judgment for the Department, if this Court believes it needs to engage in interpretation of the state law, it should grant AFA's motion and the parties can initiate proceedings at [the Office of Administrative Hearings].

(Dept. Resp. at 8.) The court finds the Department's argument faulty in several respects. First, the court would still need to interpret state law in order to find the WFCA clear on its face and grant the Department's motion for summary judgment. Second, the *Brillhart-Wilton* doctrine

ORDER- 12

1255 (holding abstention appropriate because the issues raised "are more appropriate for state court resolution" and "[n]o compelling federal interests are at stake").

### 2. Forum Shopping

Second, courts decline jurisdiction over actions for declaratory relief to discourage forum shopping. *R.R. St. & Co.*, 656 F.3d at 975. Congress did not intend to expand federal jurisdiction by enacting the Declaratory Judgment Act, and a plaintiff may not use this statute to bring a claim more properly raised in a pending state action. *Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1270. For this reason, federal courts refuse to entertain reactive declaratory actions filed solely to gain a tactical advantage. *Id.* ("the Declaratory Judgment Act is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions"); *R.R. St. & Co.*, 656 F.3d at 976 (quoting *Robsac*, 947 F.2d at 1371). The forum shopping analysis focuses on whether the federal case is "reactive," but does not depend solely on timing of filing. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 17 n.20 (1983) (noting that "despite chronological priority of filing," a suit may still be "a contrived, defensive reaction" to a suit in another forum).

Courts examine the "sequence of events" leading to a federal action to determine if a party engaged in forum shopping. *See Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1270. For example, the Ninth Circuit in *Robsac* found that the plaintiff engaged in forum

---

does not require abstention whenever a court must determine state law issues. *Cf. R.R. St. & Co.*, 656 F.3d at 975. As explained in this section, staying or dismissing the case is inappropriate under *Brillhart* because the case does not require the court to *needlessly* determine state law issues. *See id.*

shopping by filing a federal action in response to pending non-removable state court proceedings. *Robsac*, 947 F.2d at 1371. Similarly, in *International Association of Entrepreneurs* the plaintiff attempted to remove the state case to federal court, but filed an untimely petition. *Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1268. Only after the court denied its removal petition did plaintiff file suit in federal court, and the Eighth Circuit affirmed the district court's decision to decline jurisdiction under these circumstances. *Id.* at 1270. The district court properly did not allow plaintiff "to circumvent the removal statute's deadline by using the Declaratory Judgment Act as a convenient and temporally unlimited back door into federal court." *Id.*

AFA argues that Alaska engaged in forum shopping because Alaska filed its first amended complaint after the Department began investigating Ms. Masserant's complaint. (AFA Mot. at 18.) The court finds little merit to AFA's allegations. Unlike the plaintiffs in *International Association of Entrepreneurs* and *Robsac*, Alaska did not file a defensive or reactive federal action. *See Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1270; *Robsac*, 947 F.2d at 1371. Alaska filed its original complaint in April 2011, two months before Ms. Masserant filed her complaint with the Department, over a year before the Department issued Alaska a notice of infraction, and nearly two years before AFA intervened in this suit. This sequence of events does not point strongly towards forum shopping because Alaska did not, for example, file this case in response to non-removable state proceedings, *see Robsac*, 947 F.2d at 1371, or after unsuccessfully attempting to remove a state case, *see Int'l Ass'n of Entrepreneurs of Am.*, 58 F.3d at 1270. The forum shopping factor carries little weight where, like in the present case, one

ORDER- 14

party merely prefers federal resolution and another party prefers state resolution. *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 804 (9th Cir. 2002).

        3.  <u>Duplicative Litigation</u>

Third, courts decline jurisdiction over actions for declaratory relief in order to avoid duplicative litigation. *R.R. St. & Co.*, 656 F.3d at 975. The Ninth Circuit described an example in *Railroad Street*, where it said duplicative litigation would result if retaining jurisdiction "required the district court to address the same issues of state law and policy interpretation that the state court had been grappling with for several years." *Id.* at 976. In this case, little occurred in the state administrative proceedings before the ALJ effectively stayed the case on January 29, 2013: the Department issued Alaska a notice of infraction, Alaska appealed to the Office of Administrative Hearings, and the ALJ held status conference hearings with Alaska and the Department. (Dept. Resp. at 3.) After the state hearing stay there is little risk of piecemeal or duplicative litigation, and this factor weighs against abstention.

Hearing this case would not needlessly determine state law issues, encourage forum shopping, or result in duplicative litigation. The court weighs these factors and declines to stay or dismiss Alaska's declaratory judgment action.[4] *See R.R. St. & Co.*, 656 F.3d at 975.

---

[4] The court finds dismissing or staying the case inappropriate under the *Brillhart-Wilton* doctrine. Therefore, the court does not address Alaska's argument that the court has no discretion to refuse to exercise jurisdiction under the Declaratory Judgment Act because Alaska also requests injunctive relief.

ORDER- 15

C.  **The *Colorado River* Abstention Doctrine**

Last, AFA argues that the court should abstain under the *Colorado River* abstention doctrine. (AFA Mot. at 21-24.) Courts possess less discretion to refuse to exercise jurisdiction under the *Colorado River* abstention doctrine than under the *Brillhart-Wilton* doctrine. *Wilton*, 515 U.S. at 285. Pending state proceedings generally do not bar federal proceedings on the same issues because federal courts have "a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at 817. Federal courts may stay or dismiss a case under *Colorado River* for efficient judicial administration only under "exceptional" circumstances. *Travelers Indem. Co.*, 924 F.2d 1364, 1367 (9th Cir. 1990). Any doubts must be resolved against abstention and "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 1369 (quoting *Colo. River*, 424 U.S. at 819).

In *Colorado River*, the Colorado legislature divided the state into seven water districts and established procedures for settling water claims within those districts. 424 U.S. at 804-5. Rather than adjudicate via these procedures, the United States sued some 1,000 water users in federal court. *Id.* at 805. The Supreme Court upheld the district court's decision to abstain, finding that "exceptional circumstances" justified abstention for reasons of "wise judicial administration." *Wilton*, 515 U.S. at 284 (citing *id.* at 818-20). In the Ninth Circuit, courts consider eight factors for determining whether to abstain under the *Colorado River* "exceptional circumstances" test:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5)

> whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978-79 (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir 2002)). The first two factors are irrelevant in this case because Alaska's suit does not concern a specific piece of property and both the state and federal forums are located in Washington. *Id.* at 979. Factors three and seven are also not relevant because, as discussed for the *Brillhart-Wilton* doctrine, retaining jurisdiction does not raise piecemeal litigation or forum shopping problems.

Moving to the rest of the *Colorado River* factors, the fourth factor weighs against abstention because Alaska filed its complaint in the federal forum before Ms. Masserant filed her complaint with the Department. Moreover, although the court will need to resolve issues of state law, the fifth factor weighs against abstention because federal law provides the rule of decision. When federal courts consider whether to surrender jurisdiction, "in some rare circumstances the presence of state-law issues may weigh in favor of that surrender" but "the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26. The sixth and eighth factors weigh in favor of abstention because the state courts could resolve all the issues in this case and adequately protect Alaska's rights. *Cf. Dayton*, 477 U.S. at 629 (holding *Younger* abstention appropriate in part because state court review of administrative hearings guaranteed plaintiffs an adequate opportunity to raise claims based on federal law). Despite two factors favoring abstention, on balance, and in light

ORDER- 17

of the court's "virtually unflagging" obligation to exercise its jurisdiction, the *Colorado River* factors weigh against abstention in this case.

## IV. CONCLUSION

For all of the reasons stated above, the court DENIES Intervenor AFA's motion to dismiss or stay. (Dkt. # 74.) The court declines to dismiss Alaska's action pursuant to *Younger* abstention because the Department has expressly urged the court to proceed with this case. The court also finds staying or dismissing the case inappropriate under the *Brillhart-Wilton* doctrine because the case does not raise concerns about needlessly determining state law issues, forum shopping, or duplicative litigation. Finally, the court declines to dismiss or stay under *Colorado River* because in this case no "exceptional circumstances" overcome the court's obligation to exercise its jurisdiction.

Dated this 6th day of May, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 18